IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA AARON STANGER,<br><br>    Petitioner,<br><br>  v.<br><br>BRIAN PHILLIPS,<br><br>    Respondent. | No. 2:24-cv-2788-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss this petition as untimely, ECF No. 12. Respondent has lodged portions of the state court record in support of the motion to dismiss, ECF No. 11.

       Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

1

1  review.  See 28 U.S.C. § 2244(d)(1).

2  Where, as here, no direct appeal is filed in the California Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, Petitioner was convicted of robbery and assault and sentenced to a determinate state prison term of eleven years on April 19, 2019. See ECF No. 11-1. Petitioner did not appeal the judgment to the California Court of Appeal.  Id.  Therefore, the conviction became final 60 days after April 19, 2019, and the one-year limitations period began to run the following day – June 19, 2019, with the limitations period ending one year later, on June 18, 2020. Petitioner filed the first of four post-conviction actions in state court on July 24, 2023. See ECF No. 11-2.

The earliest of Petitioner's various post-conviction actions filed in state court was filed in July 2023; well after the limitations period ended on June 18, 2020.  See ECF No. 11-2. Because the limitations period had already ended before Petitioner filed his first state court post-conviction action, Petitioner is not entitled to statutory tolling for any off the time his various post-conviction actions were pending in state court.  The instant federal petition, which was filed in 2024, is untimely because it was filed after June 18, 2020.

/ / /

/ / /

/ / /

2

1           Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 12, be GRANTED.

          These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2025

                                                      DENNIS M. COTA
                                                      UNITED STATES MAGISTRATE JUDGE